(64 South. 393.)

No. 19,956.

## CITY OF SHREVEPORT v. MAROUN.

(Dec. 1, 1913. On Application for Rehearing, Jan. 5, 1914. On Second Application for Rehearing, Feb. 2, 1914.)

INTOXICATING LIQUORS (§ 10*)—REGULATION BY MUNICIPALITY—RIGHT.

The council of the city of Shreveport may by ordinance declare a "blind tiger" to be a nuisance and order it to be abated, with penalty.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 7–12; Dec. Dig. § 10.*]

Appeal from City Court of Shreveport; L. C. Blanchard, Judge.

N. Maroun was convicted of maintaining a public nuisance in violation of a city ordinance, and appeals. Affirmed on rehearing, and second application for rehearing denied.

Cal. D. Hicks, of Shreveport, for appellant. D. C. Scarborough, Asst. City Atty., of Shreveport (Hall & Jack, of Shreveport, of counsel), for appellee.

LAND, J. The sale of intoxicating liquors in the parish of Caddo was prohibited several years ago, by a vote of the people.

In January, 1913, the commission council of the city of Shreveport adopted an ordinance—

"for the suppression of what is commonly known as the 'blind tiger' in the city of Shreveport."

Section 1 of the ordinance declares the keeping of a "blind tiger" within the limits of the city of Shreveport to be a public nuisance. Section 2 reads in part, as follows:

"That any house, store, room, or any other place where intoxicating liquors are kept illicitly, or kept for the purpose of sale, barter, exchange, trade or giving away as a beverage, or where it is kept in a place where near beer is displayed for sale or sold * * * shall be deemed a 'blind tiger' and the same is hereby declared a public nuisance."

Defendant was charged by affidavit with "keeping a blind tiger and maintaining a public nuisance at 1233 Sprague street by keeping a house, store, or room where intoxicating liquors are kept illicitly for sale as a beverage and where near beer is displayed for sale," in violation of the ordinances of the city of Shreveport.

Defendant filed a demurrer to the affidavit, on the general grounds that the ordinance was unconstitutional and ultra vires of the city council. This demurrer was overruled by the court. Defendant then waived arraignment and pleaded not guilty. In due course the defendant was tried and convicted, and, before sentence, filed a motion in arrest of judgment, which was overruled. Whereupon the defendant was sentenced to pay a fine of $100, and, in default of payment thereof, to work 100 days on the public streets of the city of Shreveport. Defendant appealed.

The only question before us is whether the commission council of the city of Shreveport had the power to enact the ordinance under which the defendant was prosecuted and convicted.

The powers of the council are set forth in Act No. 220 of 1912, and its jurisdiction over the liquor traffic is expressed as follows:

"To create by ordinance such district or districts within which all bars, saloons, clubs and other places (where) intoxicating liquors are disposed of, may be confined; to regulate the police of * * * shops for retailing liquors * * * and to order the same to be closed whenever the public safety and tranquility may require it, and to impose such regulations and duties upon persons keeping such places as they may deem proper and necessary."

It is obvious that these provisions must remain dormant as long as prohibition prevails within the limits of the city of Shreveport.

We can find in the said act no delegation of power over the subject-matter of illicit sales of intoxicating liquors.

The state statute penalizes *actual* sales of such liquors within prohibition territory. The ordinance in question goes beyond the

state law, and, in effect, penalizes the mere *keeping* of intoxicating liquors for the purpose of sale, or "giving away as a beverage," or where kept in a place where near bear is displayed or sold.

The ordinance denounces as a nuisance acts which are not unlawful under the general laws of the state.

The court below cited sections 1211 and 1214 of the Revised Statutes of 1870. The first section contains the local option law of 1855, and the second section makes it the duty of police juries and the municipal authorities of towns and cities to adopt such regulations as may be necessary to carry out the provisions of the act.

As the last local option election in the parish of Caddo was ordered by the police jury, and submitted to the electors of the parish at large, we cannot conceive how the council of the city of Shreveport had any duty to perform in the premises. The said sections, however, have no application to the case at bar.

Where prohibition has been voted and become effective, it is enforced by the state; and the police jury, or the city, which called the election, has no further duties or functions to perform in the premises. See State v. Harper, 42 La. Ann. 312, 7 South. 446; Police Jury v. Harper, 42 La. Ann. 776, 7 South. 716.

The ordinance in question authorizes search warrants for the discovery of intoxicating liquors in any house, store, room, or other place within the corporate limits of the city of Shreveport; and provides that, when intoxicating liquors are found in the searched premises or in possession of any persons, it shall be prima facie evidence of the guilt of the owner, keeper, or lessee of said premises where the illicit goods are found, or of the persons upon whom or in whose possession the illicit goods are found, that it is for illicit purposes, and for maintaining a public nuisance.

Act No. 220 of 1912 does not confer on the council of the city of Shreveport the power to pass ordinances relative "to search warrants" or rules of evidence. Under the state law the search warrant is restricted to stolen goods. Revised Statutes of 1870, § 1020. The ordinance in question provides for search warrants for the purpose of obtaining evidence of possession of intoxicating liquors, and makes such possession prima facie evidence of intention to violate the prohibition law. This extraordinary and drastic legislation is attempted to be justified under the general power of municipal corporations to suppress nuisances per se. We cannot perceive how the secret possession of intoxicating liquors can be considered as a public nuisance.

No brief has been filed in this case in behalf of the city of Shreveport. We presume that the case was submitted on the opinion of the judge of the city court.

It is therefore ordered that the judgment appealed from be annulled, avoided, and reversed, and that the defendant be discharged and his bond canceled.

On Application for Rehearing.

SOMMERVILLE, J. The representation of counsel is that this case was submitted through error; and that no briefs were filed on behalf of the city of Shreveport, as it was agreed between counsel that the case should be submitted on the oral and printed arguments in the cases of city of Shreveport v. Philip Maroun (No. 19,936) 64 South. 388, ante, p. 490, and H. Dehan v. S. C. Fullilove (No. 19,907) 64 South. 124, ante, p. 313. These two last cases have been argued and submitted, and are this day decided.

A rehearing is granted.

And, for the reasons assigned in the case

of City of Shreveport v. Philip Maroun, this day decided,

The judgment appealed from is affirmed, reserving to all parties the right to apply for a rehearing within the legal delay.

### On Second Application for Rehearing.

· PER CURIAM. Through a misunderstanding, for which, perhaps, no one was to blame, this case was decided, as having been submitted on behalf of both litigants, without having been argued by counsel for plaintiff, and, upon their application, a rehearing was granted, pending which they were afforded the opportunity of arguing the issues involved, which are identical with those in the cases of Shreveport v. P. Maroun and Dehan v. Fullilove, and are conceded to have been covered by that argument; hence the court proceeded at once to render judgment in this case, as in the others. Since then, defendant has applied for a rehearing, but we find no error in the reasons upon which the judgment herein now rests, and the application is accordingly refused.

PROVOSTY, J., being absent on account of illness, takes no part on the second application for rehearing.